UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ODEALL ROBERTS,

    Plaintiff,

v.

    Case No. 1:23-cv-927

    HON. JANE M. BECKERING

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's remaining claims in the case are his Eighth Amendment excessive-force claims against Defendants Jeremy Quezada and Ray Rubley and a failure-to-intervene claim against Defendant Derek Serritos. Defendants moved for summary judgment based on qualified immunity. Plaintiff also filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny both motions. The matter is presently before the Court on Defendants' objections to the Report and Recommendation, to which Plaintiff filed a response.[1] In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

---

[1] Plaintiff did not object to the Magistrate Judge's resolution of his motion for summary judgment and instead "ask[s] the Court[] to keep the Magistrate Judge['s] recommendation and proceed to trial" (Pl. Resp., ECF No. 65 at PageID.409, 415).

Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

As set forth by the Magistrate Judge, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (R&R, ECF No. 63 at PageID.393, quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The Magistrate Judge determined that given Plaintiff's testimony that Defendants Quezada and Rubley assaulted Plaintiff in spite of his compliance, "a reasonabl[e] jury accepting his testimony could conclude that they violated the Eighth Amendment by applying excessive force sadistically and maliciously and that Defendant Serritos failed to intervene to prevent the violative conduct" (*id.* at PageID398).  The Magistrate Judge further determined that Defendants possessed fair notice that their conduct, as alleged by Plaintiff, violated the Eighth Amendment (*id.* at PageID.398–399).

In their objections, Defendants reiterate two arguments that the Magistrate Judge rejected.  First, Defendants argue that Plaintiff has not shown that he suffered "anything more than a de minimis injury" (Defs. Objs., ECF No. 64 at PageID.404–405).  However, the Magistrate Judge, who noted there is no video evidence that either confirms or refutes the parties' respective versions of events, did not err in determining that Plaintiff presented sufficient evidence to survive summary judgment (R&R, ECF No. 63 at PageID.398–399, citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] whether or not significant injury is evident.")).

Second, Defendants argue that the Magistrate Judge erred in concluding that a reasonable jury could believe that they "acted maliciously and sadistically to cause harm" (Defs. Objs., ECF

2

No. 64 at PageID.405). However, again, the Magistrate Judge did not err in determining that Plaintiff presented sufficient evidence to survive summary judgment. Specifically, while the Magistrate Judge acknowledged that there was no dispute that Defendants Rubley and Quezada were justified in using force to apply handcuffs to Plaintiff and escort him to the unit, the Magistrate Judge highlighted Plaintiff's testimony that Defendants Rubley and Quezada hit and punched Plaintiff in his back and side, kneed him in his legs, stabbed him with an object in his abdomen, and ran his head into a wall and his shoulder into a gate (R&R, ECF No. 63 at PageID.397–398). While Defendants Quezada and Rubley deny that they took any of these actions, the Magistrate Judge did not err in concluding that the question of fact was for the jury.

In sum, Defendants' objections are properly denied.[2] Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 64) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 63) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment (ECF Nos. 51 & 53) are DENIED for the reasons stated in the Report and Recommendation.

Dated: December 5, 2024

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

[2] Defendants also contend that "[s]hould this matter proceed to trial, Roberts should be precluded from arguing that he did not threaten Rubley" (Defs. Objs., ECF No. 64 at PageID.406–407), a question that is outside the scope of these objections. Defendants are free to file a motion in limine on the issue at the proper juncture.