UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROBERTS #878021,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS (MDOC), *et al.*,

    Defendants.

NO. 1:23-cv-927

HON. JANE M. BECKERING

MAG. JUDGE SALLY J. BERENS

_____

| | |
|---|---|
| Donald Roberts #878021 | John L. Thurber (P44989) |
| *In Pro Per* | Assistant Attorney General |
| Alger Correctional Facility | Attorney for MDOC Defs. Quezada, |
| N6141 Industrial Park Drive |   Rubley & Serritos |
| Munising, MI  49862 | Mich. Dept. of Attorney General |
| | Corrections Division |
| Daniel P. Webber (P56740) | P.O. Box 30217 |
| Mark J. Zausmer (P31721) | Lansing, MI  48909 |
| Attorneys for Def. Kelly | (517) 335-3055 |
| Zausmer August & Caldwell | thurberj@michigan.gov |
| 32255 Northwestern Hwy., Ste. 225 | |
| Farmington Hills, MI  48334 | |
| dwebber@zausmer.com | |
| mzausmer@zausmer.com | |

_____/

**MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN
LIMINE TO PRECLUDE TESTIMONY BY THE PLAINTIFF**

                                        John L. Thurber (P44989)
                                        Assistant Attorney General
                                        Attorney for MDOC Defs. Quezada,
                                            Rubley & Serritos
                                        Mich. Dept. of Attorney General
                                        Corrections Division
                                        P.O. Box 30217
                                        Lansing, MI  48909
                                        (517) 335-3055
                                        thurberj@michigan.gov

Dated:  March 21, 2025

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court find that Roberts is precluded from testifying that he did not engage in threatening behavior towards Rubley on September 23, 2022, because a hearing officer resolved that issue against Roberts?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013)

## STATEMENT OF FACTS

MDOC Defendant Ray Rubley wrote a misconduct report for threatening behavior regarding the Plaintiff Donald Roberts' behavior in housing unit 5 on September 23, 2022, because Roberts' behavior violated lawful MDOC policies. (ECF No. 52-4, PageID.312 and ECF 52-6, PageID.320.) Roberts admitted that a hearing officer conducted a hearing on the misconduct violation, that he testified at the hearing, and that a hearing investigator gathered evidence for him. (ECF No. 52-2, PageID.270, Roberts Dep. 51:1-25.) A hearing officer subsequently found Roberts guilty of threatening behavior on October 12, 2022. (ECF No. 52-6, PageID.317-319, Roberts Dep. 52:1-4.) The guilty finding has not been overturned and remains on his record. (ECF No. 52-6, PageID.272, Roberts Dep. 53:13-16.)

On October 15, 2024, the Magistrate Judge issued a report and recommendation (R&R) and concluded that the hearing officer's decision was entitled to preclusive effect. (ECF No. 63, PageID.393-396.) Roberts did not object to that conclusion.

On October 28, 2024, the Michigan Department of Corrections Defendants, Jeremy Quezada, Ray Rubley, and Derek Serritos, objected to the R&R. (ECF No. 64, PageID.401-408.) Specifically, the MDOC Defendants argued that should the case proceed to trial that Roberts be precluded from arguing that he did not threaten Rubley. (ECF No. 64, PageID.406-407.)

On December 5, 2024, this Court adopted the R&R. (ECF No. 66, PageID.421-424.) This Court noted in a footnote that the question of whether Roberts was precluded from arguing that he was not the aggressor was beyond the

1

scope of the Defendants' objections. (ECF No. 66, PageID.424, footnote 2.) The Court indicated that MDOC Defendants could file a motion limine. (ECF No. 66, PageID.424., footnote 2.)

## ARGUMENT

**I.     This Court should find that Roberts is precluded from testifying that he did not engage in threatening behavior towards Rubley on September 23, 2022, because a hearing officer resolved that issue against Roberts.**

As noted above, the Magistrate Judge concluded that the hearing officer's findings regarding Roberts' behavior on September 23, 2022, are entitled to preclusive effect. (ECF No. 64, PageID.406-407.) Roberts never objected to that conclusion.

Based on the behavior described in the misconduct report Rubley prepared, which was found to be accurate by an independent hearing officer, Roberts cannot argue that he did not threaten Rubley. The hearing officer's finding that Roberts engaged in threatening behavior is entitled to a preclusive effect. The Sixth Circuit has held courts should give preclusive effect to a hearing officer's findings if the findings meet certain standards. *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013).

Under *Peterson*, a hearing officer's decision will have preclusive effect if it meets four criteria. First, the agency must be acting in a judicial capacity. *Peterson v. Johnson*, 714 F.3d 905 at 912. Second, the hearing officer must have resolved a disputed issue of fact that was properly before it. *Id.* at 913. Third, the prisoner must have had an adequate opportunity to litigate the factual dispute at issue. *Id.* at 913. Finally, if the first three criteria are satisfied then the Sixth Circuit looks to

whether Michigan law would give a hearing officer's findings preclusive effect. *Id.* at 913. In *Peterson,* the Sixth Circuit concluded that hearings conducted by hearing officers ultimately have preclusive effect because they meet all four of the criteria outlined above. *Id.* at 917. All the factors listed in *Peterson* are present in this case. (ECF No. 52-2, PageID.270-272, Roberts Dep. 51:1-53:16.) Thus, Roberts cannot contest that he engaged in threatening behavior on September 23, 2022.

Furthermore, Roberts' failure to object to the R&R forecloses him from contesting the Magistrate Judge's conclusion that the hearing officer's findings have a preclusive effect. Therefore, this Court should preclude Roberts from testifying that he did not engage in threatening behavior

## CONCLUSION AND RELIEF REQUESTED

The MDOC Defendants request that this Court find that Roberts is precluded from testifying that he did not engage in threatening behavior towards Rubley on September 23, 2022, because a hearing officer resolved that issue against Roberts.

Respectfully submitted,

*/s/ John L. Thurber*
John L. Thurber (P44989)
Assistant Attorney General
Mich. Dept. of Attorney General
Attorney for MDOC Defs. Quezada,
   Rubley & Serritos
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
thurberj@michigan.gov

Dated:  March 21, 2024

3

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2024, I electronically filed the above documents with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and placed in the U.S. Postal Service a copy of the above document to non-ECF participant:

Donald Roberts #878021
Alger Correctional Facility
N6141 Industrial Park Drive
Munising, MI  49862

      */s/ John L. Thurber*
John L. Thurber (P44989)
Assistant Attorney General
Attorney for MDOC Defs. Quezada,
   Rubley & Serritos

4