UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROBERTS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Case No. 1:23-cv-927

HON. JANE M. BECKERING

_____/

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights case noticed for trial on June 10, 2025. Plaintiff Donald Roberts, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility, filed a complaint against the MDOC and others pursuant to 42 U.S.C. § 1983 based on a September 23, 2022 incident while he was incarcerated at the Bellamy Creek Correctional Facility (IBC). Roberts' only remaining claims in the case are his Eighth Amendment excessive-force claims against Defendants Jeremy Quezada and Ray Rubley and his failure-to-intervene claim against Defendant Derek Serritos. Now pending before the Court are Defendants' two motions in limine. Plaintiff did not file any response to the motions. For the following reasons, the Court grants in part and denies in part Defendants' Motion in Limine to Preclude Testimony by Plaintiff (ECF No. 84), and the Court grants Defendants' Motion in Limine to Preclude Evidence of Pending Criminal Charges (ECF No. 86).

## MOTION STANDARD

The purpose of a motion in limine is to allow the court to rule on evidentiary issues in advance of trial and facilitate an expeditious trial. *United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999); *see also* FED. R. EVID. 103(c) (stating that court should "prevent inadmissible evidence" from being presented at trial and should do so "by any means"). The resolution of a motion in limine lies "entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). *See also Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012) (a district court's ruling on a motion in limine is reviewed for an abuse of discretion).

Given the nature and timing of motions in limine, a trial court's ruling on a motion in limine is "no more than a preliminary, or advisory, opinion" that the parties may consider when formulating their trial strategies. *Yannott, supra.* A trial court's ruling is "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. *See also Taglieri v. Monasky*, 767 F. App'x 597, 601–02 (6th Cir. 2019) ("[T]rial courts frequently change their evidentiary rulings when they learn of new facts or law."). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

## ANALYSIS

1. **Defendants' Motion in Limine to Preclude Testimony by Plaintiff**

Defendants move for an order in limine precluding Roberts from testifying that he did not engage in threatening behavior towards Rubley on September 23, 2022 "because a hearing officer resolved that issue against Roberts" (ECF No. 85 at PageID.490).

On October 12, 2022, a hearing officer found Roberts guilty of "Threatening Behavior" arising from the September 23, 2022 incident (Misconduct Hrg. Report, ECF No. 52-6 at PageID.317–319). In pertinent part, the hearing officer indicated, "I find that Prisoner made the statement in the misconduct report," which was reported by Defendant Rubley as: "just wait until I come back out. What happened to CO Helif is nothing compared to what I'm about to do to the next officer" (*id.* at PageID.318). As Roberts concedes, the misconduct violation was not overturned and remains on his record (Roberts Dep. [ECF No. 52-2] at 53:13–16). On October 15, 2024, the Magistrate Judge issued a Report and Recommendation (R&R), to which Roberts did not object. This Court adopted the Report and Recommendation, and this motion in limine followed.

The seminal case on the issue of preclusion in this context is *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), a prisoner civil rights case that included an agency determination on "precisely the disputed factual matter" on which the prisoner's case turned. *Id.* at 917. The question of first impression before the Sixth Circuit was "what kind of preclusive effect we must give to the hearing officer's finding that [the prisoner] grabbed [the MDOC officer's] hand." *Id.* at 911. Applying the relevant legal factors, the Sixth Circuit concluded that it was appropriate to "give preclusive effect to the hand-grabbing determination." The Sixth Circuit clarified that it was not suggesting that the "the hearing officer's *legal* conclusion that [the prisoner] committed assault and battery has any bearing on whether [the officer] treated [the prisoner] with excessive force." *Id.* at 917.

According to Defendants, the Magistrate Judge in this case "concluded that the hearing officer's findings regarding Roberts' behavior on September 23, 2022, are entitled to preclusive effect" (ECF No. 85 at PageID.490). The Magistrate Judge's decision was not nearly so broad. *Cf. Roberson v. Torres*, 770 F.3d 398, 404 (6th Cir. 2014) ("*Peterson* is not a blanket blessing on

every factual finding in a major-misconduct hearing."). The Magistrate Judge gave preclusive effect to the hearing officer's finding that Roberts made the threatening statement reported by Defendant Rubley. *See* R&R, ECF No. 64 at PageID.395 & 397. Accordingly, Defendants' motion is granted only to the extent that Roberts is precluded from testifying at trial contrary to that narrow factual finding. Defendants' motion is otherwise denied.

**2. Defendants' Motion in Limine to Preclude Evidence of Pending Criminal Charges**

Next, Defendants move for an order in limine to exclude evidence of pending criminal charges against Rubley. Defendants represent that on February 27, 2025, the Ionia County Prosecutor charged Defendant Rubley with misconduct in office (a felony) and aggravated assault (a misdemeanor) in violation of Mich. Comp. Laws § 751.505 and Mich. Comp. Laws § 750.81a (ECF No. 87 at PageID.497). Defendants further represent that the criminal charges involve a different prisoner at IBC and a July 2024 incident, i.e., an incident that occurred approximately two years after the events in this case (*id.*). Defendants argue that the pending charges are irrelevant, unfairly prejudicial, and would only be used to disparage Rubley's character (*id.* at PageID.497–498).

Evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless excluded under a specific provision of the Constitution, a federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

4

Under Federal Rule of Evidence 404(b), evidence of another "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This evidence may, however, be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). Courts follow a "three-step" approach to assess the admissibility of other-acts evidence. *United States v. Robinson*, No. 23-5486, ___ F.4th ___, 2025 WL 1024283, at *5 (6th Cir. Apr. 7, 2025). They first consider whether "sufficient evidence" exists that the defendant committed the prior act. *Id.* (citing *United States v. Gessa*, 971 F.2d 1257, 1261 (6th Cir. 1992) (en banc)). They next consider whether the evidence is admissible for a proper purpose. *Id.* Last, they balance the unfair prejudice that the evidence might cause against its "probative" value. *Id.*

When applying this framework here, the Court determines that the evidence of the pending criminal charges against Defendant Rubley is properly excluded. First, the other acts are merely the subject of pending charges, and the sufficiency of the evidence against Defendant Rubley is unknown to this Court. Second, Roberts has not identified a proper purpose for admissibility under Federal Rule of Evidence 404(b)(2), and the Court does not discern a proper purpose on this record. Last, given the potential similarities between the charges and Roberts' claims and the risk of the jury applying "propensity" reasoning, the Court finds that the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice under Rule 403. In sum, Defendants' second motion in limine is properly granted.

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Preclude Testimony by Plaintiff (ECF No. 84) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Evidence of Pending Criminal Charges (ECF No. 86) is GRANTED.

Dated:  April 16, 2025                                           /s/ Jane M. Beckering
                                                                                JANE M. BECKERING
                                                                                United States District Judge